**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YOLANDA TREJO, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:15-cv-01792-APG-NJK |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Yolanda Trejo's ("Plaintiff") application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 16. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 21. No reply was filed. *See* Docket. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

## I.   STANDARDS

### A.   Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether substantial evidence supports the Commissioner's findings, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether substantial evidence supports the final

decision.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g.*, *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The Administrative Law Judge ("ALJ") follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. § 404.1520). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); see also 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not

1 disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second
2 step.

3 The second step addresses whether the individual has a medically determinable impairment
4 that is severe or a combination of impairments that significantly limits her from performing basic
5 work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not
6 severe when medical and other evidence establish only a slight abnormality or a combination of
7 slight abnormalities that would have no more than a minimal effect on the individual's ability to
8 work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual
9 does not have a severe medically determinable impairment or combination of impairments, then a
10 finding of not disabled is made. If the individual has a severe medically determinable impairment
11 or combination of impairments, then the analysis proceeds to the third step.

12 The third step requires the ALJ to determine whether the individual's impairment or
13 combination of impairments meets or medically equals the criteria of an impairment listed in 20
14 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the
15 individual's impairment or combination of impairments meets or equals the criteria of a listing and
16 meets the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20
17 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet
18 or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the
19 next step.

20 Before considering step four of the sequential evaluation process, the ALJ must first
21 determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual
22 functional capacity is a function-by-function assessment of the individual's ability to do physical
23 and mental work-related activities on a sustained basis despite limitations from impairments. SSR

24

---

25 [1] SSRs constitute the Social Security Administration's official interpretations of the statute
26 it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th
Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they
27 are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

28

1  96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the
2  extent to which the symptoms can reasonably be accepted as consistent with the objective medical
3  evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 16-3p. An ALJ will consider the
4  claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will
5  further evaluate whether the statements are consistent with objective medical evidence and the other
6  evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the
7  requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 96-3p.

8  The fourth step requires the ALJ to determine whether the individual has the residual
9  functional capacity to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW
10 means work performed either as the individual actually performed it or as it is generally performed
11 in the national economy within the last 15 years or 15 years prior to the date that disability must be
12 established. In addition, the work must have lasted long enough for the individual to learn the job
13 and perform at SGA. 20 C.F.R. § 404.1560(b). If the individual has the residual functional capacity
14 to perform her past work, then a finding of not disabled is made. If the individual is unable to
15 perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

16 The fifth and final step requires the ALJ to determine whether the individual is able to do
17 any other work considering her residual functional capacity, age, education, and work experience.
18 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made.
19 Although the individual generally continues to have the burden of proving disability at this step, a
20 limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for
21 providing evidence that demonstrates that other work exists in significant numbers in the national
22 economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071
23 (9th Cir. 2010).

24 **II.     BACKGROUND**
25     A.     Procedural History
26 On May 25, 2010, Plaintiff filed an application for a period of disability and disability

28  5

insurance benefits alleging that she became disabled on August 30, 2004. *See, e.g.*, Administrative Record ("A.R.") 269-70. Plaintiff's claims were denied initially on August 4, 2010, and upon reconsideration on October 18, 2010. A.R. 117-20, 122-24. On December 10, 2010, Plaintiff filed a request for a hearing before an ALJ. A.R. 127-28. On November 14, 2011, Plaintiff, Plaintiff's attorney, a vocational expert, and a Spanish interpreter appeared for a hearing before ALJ Barry H. Jenkins. A.R. 61-90. On February 23, 2012, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from August 30, 2004 ("alleged onset date") through December 31, 2009 ("date last insured"). A.R. 93-107. On March 9, 2012, Plaintiff filed a request for a review of the ALJ's decision. A.R. 181. The Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. A.R. 111-116. On February 21, 2014, Plaintiff, Plaintiff's attorney, a vocational expert, and an interpreter appeared for a second hearing before ALJ Barry H. Jenkins. A.R. 33-60. On March 18, 2014, the ALJ again issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from the alleged onset date through the date last insured. A.R. 11-27. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on July 21, 2015. A.R. 1-3.

On September 18, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

B.    The Decision Below

The ALJ followed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a), and issued an unfavorable decision on March 18, 2014. A.R. 11-27. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, and did not engage in any substantial gainful activity between the alleged onset date and the date last insured. A.R. 21. At step two, the ALJ found that, from the alleged onset date through the date last insured, Plaintiff suffered from one severe impairment: marked loss of visual acuity of the right eye. A.R. 21. The ALJ also determined that Plaintiff suffered from the following non-severe

6

impairments: diabetes mellitus, hypertension, hypothyroidism, and peripheral diabetic sensory neuropathy. A.R. 21. At step three, the ALJ found that, from the alleged onset date through the date last insured, Plaintiff did not meet or medically equal any listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. A.R. 21.

The ALJ determined that, from the alleged onset date through the date last insured, Plaintiff had the residual functional capacity to perform "medium work" as defined in 20 C.F.R. § 404.1567(c), except that she could only occasionally climb ladders and scaffolds; needed to avoid concentrated exposure to extreme temperatures and excessive vibrations; needed to avoid all unprotected heights and concentrated exposure to hazardous machinery and operational control of moving machinery; and was limited to performing simple tasks because of her limited education, work experience, and reliance on speaking and writing in Spanish. A.R. 21-25. At step four, the ALJ determined that, from the alleged onset date through the last date insured, Plaintiff was capable of performing past relevant work as a shoe cleaner. A.R. 25-26. Based on all of these findings, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date last insured. *See* A.R. 21-27.

## III.    ANALYSIS AND FINDINGS

Plaintiff's sole contention on appeal is that the ALJ erred in finding her testimony not credible. *See, e.g.*, Docket No. 16 at 3. An ALJ is required to engage in a two-step analysis to evaluate a claimant's credibility: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if the claimant has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, an ALJ must point to specific facts in the record that demonstrate that a claimant's symptoms are less severe than she claims. *See id.* at 592. "Factors that an ALJ may consider in weighing a claimant's

1  credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and
2  conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or
3  follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal
4  quotation marks and citations omitted).

5   The ALJ found that Plaintiff's medically determinable impairments could reasonably be
6  expected to cause the alleged symptoms. A.R. 22. However, the ALJ found Plaintiff's allegations
7  of debilitating symptoms not credible because: (1) Plaintiff's choice not to seek certain medical
8  treatment was inconsistent with her alleged limitations; (2) well-supported medical opinion evidence
9  undermined Plaintiff's alleged limitations; (3) Plaintiff's stated level of daily activity was
10 inconsistent with her alleged limitations; and (4) there was a lack of objective medical evidence
11 corroborating her alleged limitations. *See* A.R. 22-25.

12  Plaintiff fails to address in any fashion the first two reasons. As a result, any argument on
13 those issues appears to have been waived. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.
14 1997) (per curiam); *see also Rameriz v. Comm'r of Soc. Sec.*, 2012 WL 5328624, *4 (E.D. Cal. Oct.
15 29, 2012) (any arguments not specifically and distinctly made in challenging ALJ's findings in the
16 district court are deemed waived). The Court therefore assumes that the record supports both
17 reasons. Moreover, as the Commissioner points out, both reasons are proper under the case law.
18 *See, e.g.*, *Stubbs-Danielson*, 539 F.3d 1169, 1175 (9th Cir. 2008) (medical opinion evidence); *Orn*,
19 495 F.3d at 636 (inconsistency between conduct and allegations, and unexplained failure to seek
20 medical treatment); *Burch*, 400 F.3d at 781 (lack of treatment).

21  As to the third reason, Plaintiff submits that the ALJ did not explain how Plaintiff's
22 admission to "some minimal activities of daily living"[2] rendered her testimony not credible. Docket
23 No. 16 at 9. In fact, the ALJ explained that Plaintiff's testimony was not credible in part because
24 her admitted daily activity level was inconsistent with her alleged limitations. A.R. 22. The record
25 supports this finding. *See, e.g.*, A.R. 449. Moreover, the ALJ properly considered the inconsistency

---

[2]Plaintiff does not discuss the record in further detail.

between Plaintiff's allegations and her daily activity level. *See, e.g.*, *Orn*, 495 F.3d at 636.

As to the fourth reason, Plaintiff submits that the ALJ "d[id] not . . . link [Plaintiff's testimony] to medical evidence which would show it to be inconsistent." Docket No. 16 at 7. On the contrary, the ALJ described in detail the medical evidence that undermined Plaintiff's allegations. *See* A.R. 22-25. Moreover, the record supports the ALJ's finding. *See, e.g.*, A.R. 400, 437-38, 485-90.[3]

Plaintiff also seems to imply that an ALJ may never consider a lack of objective medical evidence, even in conjunction with other factors. *See, e.g.*, Docket No. 16 at 8 ("Thus, the assertion of the ALJ that Yolanda Trejo' [sic] testimony is not credible because it is inconsistent with the objective medical evidence is *always legally insufficient* to find Mr. [sic] Trejo not credible.") (emphasis supplied). Precedent disproves this assertion. *See, e.g.*, *Burch v. Barnhart*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.") The ALJ properly considered the lack of objective medical evidence together with other factors.

Plaintiff further submits that the ALJ's reasoning fails because it is "boilerplate." Docket No. 16 at 7. Plaintiff quotes an isolated portion of the ALJ's opinion, apparently implying that the ALJ provided no other reasoning for his credibility determination. *See* Docket No. 16 at 6. Thus, Plaintiff appears to mischaracterize the record. Additionally, the sole Ninth Circuit case that Plaintiff cites in support of this argument[4] is not relevant. The Court consequently rejects this assertion.

**IV. CONCLUSION**

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and

---

[3]This list is not exhaustive.

[4]*Robbins v. Soc. Sec. Admin.*, 466 F.3d 880 (9th Cir. 2006)

9

resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand**,** Docket No. 16, be **DENIED** and that Defendant's Cross-Motion to Affirm, Docket No. 21, be **GRANTED**.

IT IS SO ORDERED.

DATED:   October 13, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).